# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SUZZANNA DOWNING, ) | |
| ) | |
|    *Plaintiff*, ) | |
| ) | CA NO. |
| vs. ) | |
| ) | |
| ) | |
| BANK OF AMERICA, N.A. , ) | JURY DEMANDED |
| MORTGAGE ELECTRONIC REGISTRATION ) | |
| SYSTEMS, INC., U.S. BANK, N.A., and ) | |
| NATIONSTAR MORTGAGE, LLC ) | |
| ) | |
|    *Defendants*. ) | |

## INTRODUCTION

1. This complaint seeks a declaratory judgment that an assignment of Plaintiff's Mortgage from Bank of America, N.A. (BOA) to Nationstar Mortgage, LLC (Nationstar) is void as Plaintiff's mortgage was never assigned to BOA. As such, BOA was not a valid mortgagee who could have assigned said mortgage and further lacked the authority to assign Plaintiff's mortgage to Nationstar.

2. Further, the assignment of Plaintiff's Mortgage to From MERS to U.S Bank as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust 2007-1, is void *ab initio*. As such, the Trust is also not the valid mortgagee and lacks the authority to foreclose or enforce said mortgage.

3. The Plaintiff prays that this Honorable Court declare both assignments void, and quiet the title of said property by declaring Plaintiff the sole owner of said property.

## JURISDICTION AND VENUE

4. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendants are citizens of States outside of the State of Rhode Island.

5. Plaintiff further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

   a. Plaintiff claims ownership of the latter described premises and seeks to clear their title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

   b. Plaintiff claims that only they have marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, fifteen (15) years of ownership of the fee interest.

   c. Plaintiff, as mortgagor, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, the mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

   d. Plaintiff claims a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in the chain of title.

## PARTIES

6. Plaintiff, Suzzanna Downing, resides at and claims to be the owner of real property located 63 Ausdale Road, Cranston, RI 02910, which is the subject property referenced herein.

7. Defendant Bank of America, N.A. is a national bank and financial services corporation with headquarters at 101 Tryon Street, Charlotte, North Carolina 28255.

8. Defendant Nationstar Mortgage, LLC is a residential mortgage servicing company, located at 350 Highland Drive, Lewisville, TX 75067.

9. Defendant U.S. Bank, N.A. is a banking services company which is the Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust 2007-1 Trust as noted herein. Upon information and belief Defendant U.S. Bank, N.A. is located at 209 S. LaSalle Street, Suite 300, Chicago, IL 60604.

10. Defendant Mortgage Electronic Registration Systems, Inc. is located at 1901 E Voorhees Street, Suite C, Danville, IL 61834.

**FACTS**

11. Plaintiff, Suzzanna Downing, resides at and claims to be the owner of real property located 63 Ausdale Road, Cranston, RI 02910, which is the subject property referenced herein.

12. On or about December 1, 1999, the subject property was granted to Plaintiff. The Deed evidencing transfer of the ownership of the subject property was recorded in the City of Cranston, Clerks Office, Evidence of Land Records in Book 1170 Page 33, on December 3, 1999.

13. On or about January 18, 2007, Plaintiff was granted a Mortgage, secured by the subject property, in the amount of $177,000.00 was recorded in the City of Cranston, Clerks Office, Evidence of Land Records in Book 3585 Page 131.  The Mortgage identified Plaintiff as "borrower", First Franklin Financial Corp (First Franklin) as "Lender", and MERS as "Mortgagee".

14. On or about March 27, 2007, the Merrill Lynch First Franklin Mortgage Loan Trust 2007-1 trust closed. (See: Exhibit 1 Id. p. 103, "Closing Date"). Plaintiff alleges that the Trust is a common law trust formed under the Laws of New York (See: Exhibit 1 Id. p. 33-34, & 62, "Issuing Entity"), formed as a Real Estate Mortgage Investment Conduit under 26 U.S.C. § 860D-F. (See: Exhibit 1 Id. p. 85, "Federal Income Tax Consequensces").  LaSalle Bank, N.A. is initially appointed as Trustee of said trust, (See: Exhibit 1 Id. p. 6, "Trustee"), and was succeeded by Bank of America, N.A. as successor Trustee, who was then succeeded by U.S. Bank, N.A. as successor Trustee to Bank of America, N.A. (See: Exhibit 2).

15. On or about June 27, 2007, the Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust 2007-1 trust (a common law trust formed under the laws of New York), could no longer accept the transfer of assets (i.e. mortgages) as such an act would cause the Trust to lose its status as a REMIC trust under the Internal Revenue Code (See; 26 U.S.C. § 860D-F) and would be deemed in contravention of the Trust (See; N.Y. EPTL § 7-2.4).

16. On February 28, 2012, MERS purportedly assigned the subject mortgage to U.S. Bank, as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust 2007-1 trust. On March 8, 2012, said alleged "Assignment of Mortgage" was recorded in the City of Cranston, Clerks Office, Evidence of Land Records in Book 4056, Page 205. (See: Exhibit 2).

17. Plaintiff alleges that the assignment of the mortgage was in contravention of the trust as it was made after the closing date of the Trust, and is ineffective and void *ab initio*.

18. Plaintiff alleges that the Trust is a common law trust formed under the Laws of New York, and had a closing date on or about March 27, 2007.

19. Plaintiff alleges that the assignments of the mortgage were in contravention of the trust as they was made after the closing date of the Trust, and are ineffective and void. "Under New York Trust Law, every sale, conveyance or other act of the trustee in contravention of the trust is void. (See; N.Y. EPTL § 7-2.4). Therefore, the acceptance of the note and mortgage by the [Trust] after the date the trust closed, would be void." (*Wells Fargo Bank, N.A. v. Erobobo* (N.Y.Sup.Ct. 2013) 39 Misc.3d 1220(A) [2013 WL 1831799, p. *8]; see *Levitin & Twomey*, *Mortgage Servicing,* 28 Yale J. on Reg. at p. 14, fn. 35 [under N.Y. law, any transfer to the trust in contravention of the trust documents is void].) Relying on *Erobobo,* a bankruptcy court recently concluded "that under New York law, assignment of the Saldivars' Note after the start up day is void *ab initio.* As such, none of the Saldivars' claims will be dismissed for lack of standing." (*In re Saldivar* (Bankr. S.D.Tex., Jun. 5, 2013, No. 11-10689) 2013 WL 2452699, p. *4.). (See Also; *Glaski v. Bank of America*, 218 Cal. App. 4th 1079 - Cal: Court of Appeal, 5th Appellate Dist. (2013)).

20.     Plaintiff alleges that the attempted assignment of the mortgage to the Trust is an act in contravention of the Trust due to the adverse tax consequence of the Trust losing its status as a REMIC trust under the Internal Revenue Code, and is therefore void *ab initio*, and that U. S. Bank is not the valid assignee of the subject mortgage or a valid mortgagee who can enforce the subject mortgage.

21.     Further, Plaintiff alleges that on or about September 9, 2013, Bank of America, N.A. purportedly assigned the subject mortgage to Nationstar Mortgage, LLC. On November 14, 2013, said alleged "Assignment of Mortgage" was recorded in the City of Cranston, Clerks Office, Evidence of Land Records in Book 4838, Page 26. (See: Exhibit 3).

22.     Plaintiff alleges Bank of America, N.A.'s purported assignment of the subject mortgage is void, as Bank of America had nothing to assign, as no assignment of the subject mortgage, to Bank of America, N.A., exists.

23.     As such, Bank of America was not, and is not, a valid mortgagee who has or has ever had the authority to assign the subject mortgage, and Nationstar is not a valid mortgagee who can enforce the subject mortgage.

## COUNT I
## DECLARATORY JUDGMENT

24.     The Plaintiff hereby reincorporates paragraphs 1 – 23 as if they were fully articulated herein.

25.     Defendant U.S. Bank, as trustee for Merrill Lynch First Franklin Mortgage Loan Trust 2007-1 trust has no properly assigned interest in the property, the mortgage or note and, thus, has no standing to enforce the mortgage that is the subject of this action.

26.     There are no valid Assignments to U.S. Bank, as trustee for Merrill Lynch First Franklin Mortgage Loan Trust 2007-1 trust, which are duly acknowledged or executed in accordance with R.I.G.L. 34-11-1.

27.  Defendant Nationstar has no properly assigned interest in the property, the mortgage or note and, thus, has no standing to enforce the mortgage that is the subject of this action.

28.  There are no valid Assignments to Nationstar, which are duly acknowledged or executed in accordance with R.I.G.L. 34-11-1

29.  Plaintiff is being irreparably harmed by the actions of the Defendants.

30.  Plaintiff has no other remedy at law but to seek the relief requested herein.

31.  The Equities of the matter favor the Plaintiff.

32.  Public Policy matters favor the Plaintiff.

**WHEREFORE**, Plaintiff prays for the following relief:

a. Determine that the Assignment of Mortgage from MERS to U.S. Bank, as trustee for Merrill Lynch First Franklin Mortgage Loan Trust 2007-1 trust is void *ab initio*;

b. Determine that the Assignment of Mortgage from Bank of America, N.A. to Nationstar is void;

c. Determine that there are no proper assignments of record with regard to the mortgage;

d. Order that U.S. Bank, as trustee for Merrill Lynch First Franklin Mortgage Loan Trust 2007-1 trust, has no interest in the subject property;

e. Order that Nationstar has no interest in the subject property;

f. Award the Plaintiff compensatory damages against the Defendants for their wrongful slander of title and abuse of process in a sum to be determined by a trier of fact;

g. Award legal fees and costs;

h. Award punitive damages;

i. Award such other relief as this Court deems just and proper.

## COUNT II
## QUIETING TITLE
## RHODE ISLAND GENERAL LAW §34-16-5

33. The Plaintiff hereby restates and reincorporates paragraphs 1 – 32 as if they were fully articulated herein.

34. The real estate as issue is located at 63 Ausdale Road, Cranston, RI 02910.

35. U.S. Bank, as trustee for Merrill Lynch First Franklin Mortgage Loan Trust 2007-1 trust claims to have an interest in the property pursuant to a void Assignment of Mortgage. The address of U.S. Bank, as trustee for Merrill Lynch First Franklin Mortgage Loan Trust 2007-1 trust is set forth hereinabove.

36. Nationstar claims to have an interest in the property pursuant to a void Assignment of Mortgage. The address of Nationstar is set forth hereinabove

37. Defendants, U.S. Bank, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust 2007-1, Nationstar, and Plaintiff, all make claim to the interest in the aforesaid subject property.

38. Plaintiff claims title to the property pursuant to a Deed recorded in the City of Cranston, Clerks Office, Evidence of Land Records in Book 1170 Page 33, on December 3, 1999 granting the Property to Plaintiff.

39. Defendant U.S. Bank, as trustee for Merrill Lynch First Franklin Mortgage Loan Trust 2007-1 trust claims an interest adverse to Plaintiff, by way of a void Assignment of Mortgage from MERS on February 28, 2012, recorded in the City of Cranston, Clerks Office, Evidence of Land Records in Book 4056, Page 2053, on March 8, 2012.

40. Defendant Nationstar Mortgage, LLC claims an adverse interest to Plaintiff, by way of a void Assignment of Mortgage from Bank of America, N.A. on September 9, 2013, recorded in the City of Cranston, Clerks Office, Evidence of Land Records in Book 4838, Page 26, on November 14, 2013.

**WHEREFORE**, Plaintiff prays for the following relief:

j.  That judgment enters for her on this complaint regarding title to and ownership of the subject property that is subject of this claim;

k.  That the Court find as a matter of law that the owner of this property is Suzzanna Downing;

l.  That this Court enters an order quieting title to this property by entering an order that the fee related thereto belongs to Suzzanna Downing;

m.  That the court or other trier of fact, order the Defendants to pay Plaintiff damages which it deems appropriate; and

n.  That the Court or other trier of fact award Plaintiff costs, including reasonable attorney's fees.

July 29, 2014

Respectfully Submitted, Plaintiff,
Suzzanna Downing,
by her Attorney,
Todd S. Dion,

/s/ Todd S. Dion
Todd S. Dion, Esq. (6852)
1599 Smith Street
North Cranston, RI 02911
401-639-4330 Phone
401-639-4331 Fax
toddsdion@msn.com